UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUSAN ROLLINS, Individually, in Her Own Right as as Administrator of the Estate of KEVIN J. ROLLINS, Deceased,

Plaintiff,

-against-

County of Nassau, Nassau County Correctional Center, Nassau County Sheriff's Department, Vera Fludd, Individually and as former Sheriff of Nassau County, Nassau University Medical Center, Nassau Health Care Corporation a/k/a NuHealth System, Nassau County Corrections Officers "John Does 1-10", in their Individual and Official Capacities (whose names are fictitious but intended to represent and designate various presently unidentified Nassau County Corrections Officers who had responsibility for the care, health and safety of the Deceased), and Nassau University Medical Center and Nassau Health Care Corporation Employees and Agents "John and Jane Does 11-20", in their Individual and Official Capacities (whose names are fictitious but intended to repreesnt and designate various presently unidentified Nassau University Medical Center and Nassau Health Care Corporation employees and agents who had responsibiilty for the medical care, health care and safety of the Deceased),

Defendants.

Docket No. 22-CV-808
(GRB) (ARL)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS COUNTY OF NASSAU AND VERA FLUDD'S MOTION TO DISMISS**

SOKOLOFF STERN LLP
*Attorneys for Defendants*
*County of Nassau and Vera Fludd*
179 Westbury Avenue
Carle Place, NY 11514
(516) 334-4500

of Counsel:
    Adam I. Kleinberg
    Gina M. Fortunato

**TABLE OF CONTENTS**

TABLE OF CONTENTS .................................................................................................................... ii

TABLE OF AUTHORITIES................................................................................................................ iii

PRELIMINARY STATEMENT ............................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................... 2

PROCEDURAL HISTORY .................................................................................................................. 3

STANDARD OF REVIEW .................................................................................................................. 4

ARGUMENT ................................................................................................................................... 5

     POINT I    Plaintiff Lacks Standing To Assert Derivative Claims...................................... 5

     POINT II   Plaintiff Cannot Assert A Survivorship Claim................................................. 6

     POINT III  The Eleventh Cause Of Action Should Be Dismissed ..................................... 7

       A.   The Claim Is Barred By The Statute Of Limitations ............................... 7

       B.   Neither Sheriff Fludd Nor The County Employed NUMC And NHCC Personnel .. 8

CONCLUSION.................................................................................................................................. 9

TABLE OF AUTHORITIES

Page(S)

Cases

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................... 4

*Barrett v. United States*,
689 F.2d 324 (2d Cir. 1982) ......................................................................... 5

*Baxton v. Artus*,
2015 WL 8958773 (W.D.N.Y. 2015) ............................................................ 5

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...................................................................................... 4

*Bernheim v. Litt*,
79 F.3d 318 (2d Cir. 1996) ........................................................................... 4

*Cruz v. City of New Rochelle*,
2017 WL 1402122 (S.D.N.Y. 2017) ............................................................. 6

*Defabio v. E. Hampton Union Free School District*,
658 F. Supp.2d 461 (E.D.N.Y. 2009) ........................................................... 5

*Duryea v. County of Livingston*,
2007 WL 1232228 (W.D.N.Y. 2007) ............................................................ 7

*Flier v. Cayuga County*,
2006 WL 2655698 (N.D.N.Y. 2006) ............................................................. 7

*Gebhardt v. Allspect, Inc.*,
96 F. Supp.2d 331 (S.D.N.Y. 2000) .............................................................. 4

*Haque v. Daddazio*,
84 A.D.3d 940, 922 N.Y.S.2d 548 (2d Dept. 2011) ...................................... 6

*Hayden v. Paterson*,
594 F.3d 150 (2d Cir. 2010) ......................................................................... 4

*Houghton v. Cardone*,
295 F.Supp.2d 268 (W.D.N.Y. 2003) ............................................................ 7

*Kavanaugh v. Nussbaum*,
71 N.Y.2d 535 (1988) .................................................................................... 8

iii

*Kingston v. Erie County*,
122 A.D.2d 543, 505 N.Y.S.2d 9 (4th Dept. 1986) ................................................... 7

*Kreutzberg v. County of Suffolk*,
2006 WL 3370351 (E.D.N.Y. 2006) ....................................................................... 5

*Loucks v. Community Home Services*,
209 A.D.2d 484, 618 N.Y.S.2d 826 (2d Dept. 1994) ............................................. 8

*Mckenna v. Reale*,
137 A.D.3d 1533, 29 N.Y.S.3d 596 (3d Dept. 2016) ............................................. 6

*Mckenzie v. County of Erie*,
2013 WL 53448084 (W.D.N.Y. 2013) ................................................................... 7

*Phillips v. City of Middletown*,
2018 WL 4572971 (S.D.N.Y. 2018) ....................................................................... 6

*Pritzker v. City of Hudson*,
26 F.Supp.2d 433 (N.D.N.Y. 1998) ....................................................................... 5

*Samuels v. Air Transp. Local 504*,
992 F.2d 12 (2d Cir. 1993) .................................................................................... 4

*Scheuer v. Rhodes*,
416 U.S. 232 (1974) .............................................................................................. 4

*Smith v. Hub Mfg., Inc.*,
634 F. Supp. 1505 (N.D.N.Y. 1986) ...................................................................... 6

*Stallworth v. City of Cleveland*,
893 F.2d 830 (6th Cir. 1990) ................................................................................ 5

*Stanley v. City Of New York*,
587 F.Supp. 393 (E.D.N.Y. 1984) ......................................................................... 5

*Stolarski v. Family Services of Westchester, Inc.*,
973 N.Y.S.2d 725 (2d Dept. 2013) ........................................................................ 6

*Taylor v. Mayone*,
626 F.2d 247 (2d Cir. 1980) .................................................................................. 7

*Wahab v. City Of New York*,
386 F.Supp.2d 277 (S.D.N.Y. 2005) ...................................................................... 5

Statutes

42 U.S.C. § 1983................................................................................................................ 5, 6

New York General Municipal Law §50-I.................................................................................. 7

Rules

CPLR 215(A) ...................................................................................................................... 7

Fed. Rule Civ. Pro. 12(B)(1) and (6) .................................................................................... 9

# PRELIMINARY STATEMENT

Plaintiff Susan Rollins is the mother of decedent Kevin J. Rollins. She filed this action individually and as the Administrator of her son's estate. In this lawsuit, plaintiff asserts a myriad of claims relating to her 28-year-old son's death from a fentanyl overdose while a pretrial detainee at the Nassau County Correctional Center.

On July 11, 2022, the Court heard argument from the parties regarding defendants' anticipated motion to dismiss various causes of action. The Court issued an oral decision and dismissed certain claims, while seeking briefing on other issues raised during the conference and in the related pre-motion letters. We now submit this memorandum of law in support of the motion by defendants County of Nassau (the "County") and former County Sheriff Vera Fludd ("Sheriff Fludd") as to the remaining open issues.

As set forth below, we respectfully submit the Court should dismiss plaintiff's individual claims as she lacks standing to assert them. The Court should also dismiss plaintiff's survivorship claim in the Ninth Cause of Action as plaintiff fails to allege consciousness, which is essential when pleading a claim for conscious pain and suffering. Additionally, the Court should dismiss the plaintiff's Eleventh Cause of Action for respondeat superior liability as plaintiff failed to institute this action within the applicable statute of limitations, and because neither the County nor Sheriff Fludd were the employer of the co-defendants' medical personnel.

**STATEMENT OF FACTS**

On March 22, 2018, decedent Kevin Rollins, was arrested on a charge of operating a motor vehicle while impaired by drugs, which led to his bail being revoked on a prior drug-related arrest. (Ex. A, ¶¶ 61-62.)[1] [2] On April 3, 2018, the decedent became a pre-trial detainee housed in the Nassau County Correctional Facility ("NCCF"). (Ex. A, ¶¶ 1, 5, 56, 62, 177.) Plaintiff Susan Rollins is the decedent's mother and the Administrator of her son's estate. (Ex. A, ¶ 53.)

The Nassau University Medical Center and Nassau Health Care Corporation provided medical care to NCCF inmates under a contract with the County of Nassau (the "County"). (Ex. A, ¶¶ 3, 77-79.) The decedent had a drug addiction problem and a history of heart disease, both of which the defendants were allegedly aware. (Ex. A, ¶¶ 57-60, 63, 178-180.)

Plaintiff alleges that her son was originally assigned to the NCCF's drug addiction program, but was removed three months later and placed into the general prison population, where he was exposed to contraband drugs and deprived of therapy and support, (Ex. A, ¶¶ 181-186.) On December 27, 2018 at approximately 8:40 a.m., another inmate notified a corrections officer that Kevin Rollins "did not look well." (Ex. A, ¶ 201.) The corrections officer notified his supervisor, observed Mr. Rollins laying on the floor of his cell, and radioed for a medical emergency (Ex. A, ¶ 202.) A correctional supervisor and correctional sergeant arrived at the cell and noticed that Mr. Rollins "did not appear to be breathing or to have a pulse." (Ex. A, ¶¶ 203-205.) Another corrections officer arrived with health staff, who began chest compressions and bag-assisted respiration (Ex. A, ¶ 206.)

Plaintiff complains that the corrections officers should have administered Narcan due to Kevin Rollins' suspected drug overdose, (Ex. A, ¶¶ 207-208.) Kevin Rollins was pronounced dead

---

[1] For purposes of this motion, defendants will presume plaintiff's factual allegations as true.
[2] A copy of the referenced exhibit is attached to the accompanying Declaration of Adam I. Kleinberg.

on December 28, 2018, (Ex. A, ¶ 6.) The medical examiner ruled the cause of death to be "anoxic-ischemic encephalopathy due to acute fentanyl intoxication." (Ex. A, ¶¶ 216, 218.)

## PROCEDURAL HISTORY

Plaintiff commenced this action on February 12, 2022. (Ex. A.). On July 11, 2022, the parties appeared before the Court for a pre-motion conference. The Court issued an oral decision dismissing: 1) all claims against the Nassau County Correctional Center and the Nassau County Sheriff's Department; 2) the official capacity claims against Sheriff Fludd; 3) the 10th cause of action against the County and Sheriff Fludd alleging wrongful death; 4) the 12th cause of action against the County and Sheriff Fludd alleging intentional and negligent infliction of emotional distress; and 5) the federal claims against Sheriff Fludd in her individual capacity.

The Court requested further briefing on: 1) the argument that plaintiff lacks standing to assert her own individual federal Section 1983 claims; 2) whether plaintiff has sufficiently alleged facts to permit a survivorship claim as part of the 9th Cause of Action; and 3) the 11th cause of action alleging respondeat superior liability. We submit this motion seeking to dismiss these claims.

## STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must accept as true all factual allegations in the Complaint and draw inferences therefrom in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232 (1974); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir. 1996). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." *Scheuer*, 416 U.S. at 232. In deciding a motion to dismiss, the Court may consider "only the facts alleged in the pleadings," as well as documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

To survive a Rule 12(b)(6) motion, the allegations in the Complaint must meet a standard of plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Factual allegations must plausibly suggest entitlement to relief, and threadbare recitals of the elements of a cause of action, supported merely by conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 679; *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). In order to avoid dismissal, a plaintiff must do more than plead mere "[c]onclusory allegations or legal conclusions masquerading as factual conclusions." *Gebhardt v. Allspect, Inc.*, 96 F. Supp.2d 331, 333 (S.D.N.Y. 2000).

**POINT I** **PLAINTIFF LACKS STANDING TO ASSERT DERIVATIVE CLAIMS**

Plaintiff lacks standing to assert claims in her individual capacity. She has not suffered a civil rights violation independent from those asserted on behalf of her decedent son. The Court should dismiss all claims asserted by plaintiff in her individual capacity.

A decedent's claims under 42 U.S.C. § 1983 pass to an estate where an applicable state law creates a right of survival. *See Barrett v. United States*, 689 F.2d 324, 331 (2d Cir. 1982). In New York, the New York Estates, Powers & Trust Law §11-3.2(b) provides that right. But while administrators of an estate may pursue a decedent's civil rights claims under §1983, they do not have an automatic right to pursue an independent cause of action for themselves.

Claims by a surviving family member not asserting a violation of the survivor's own civil rights (i.e.- loss of consortium) are derivative and impermissible. *See e.g., Pritzker v. City of Hudson*, 26 F.Supp.2d 433, 445 (N.D.N.Y. 1998) ("Loss of consortium is not an independent cause of action, but is derivative.") While the Second Circuit has not ruled on whether a loss of consortium claim can be brought under § 1983, all four Second Circuit District Courts and the Sixth Circuit have refused to recognize any such derivative claims. *See Stallworth v. City of Cleveland*, 893 F.2d 830, 838 (6th Cir. 1990); *Kreutzberg v. County of Suffolk*, 2006 WL 3370351, *4 (E.D.N.Y. 2006) (citations omitted); *Wahab v. City of New York*, 386 F.Supp.2d 277, 292 (S.D.N.Y. 2005); *Baxton v. Artus,* 2015 WL 8958773, *4 (W.D.N.Y. 2015) *Pritzker v. City of Hudson, 26* F.Supp.2d 433, 445 (N.D.N.Y. 1998); *see also DeFabio v. E. Hampton Union Free School District*, 658 F. Supp.2d 461, 497 (E.D.N.Y. 2009); *Stanley v. City of New York,* 587 F.Supp. 393, 396 (E.D.N.Y. 1984) ("Loss of consortium, however, is a state law claim which does not rise to the level of a constitutional violation.")).

Based on this, the Court should dismiss all claims asserted by the plaintiff against the County in her individual capacity under §1983 (the First, Second, Third, Sixth, Eighth and Ninth Causes of Action).

**POINT II**      **PLAINTIFF CANNOT ASSERT A SURVIVORSHIP CLAIM**

In New York, the survivorship statute grants a personal representative the right to sue a tortfeasor for the decedent's personal injuries, including pain and suffering. *See Smith v. Hub Mfg., Inc.*, 634 F. Supp. 1505, 1511-12 (N.D.N.Y. 1986); N.Y. Estate Powers & Trusts Law §11-3.2(b) (McKinney Supp. 1989). A survival action that seeks damages for conscious pain and suffering must allege the elements of the underlying claim. *See e.g., Stolarski v. Family Services of Westchester, Inc.*, 973 N.Y.S.2d 725, 727-28 (2d Dept. 2013). Plaintiff also must allege that the decedent was conscious and in pain before his or her death. *Phillips v. City of Middletown*, 2018 WL 4572971, *11 (S.D.N.Y. 2018) (dismissing conscious pain and suffering claim where plaintiff failed to allege the decedent was conscious at any point after the shooting); *Cruz v. City of New Rochelle*, 2017 WL 1402122, *29 (S.D.N.Y. 2017).

Nowhere in the Complaint does the plaintiff allege that Kevin Rollins was found conscious. Rather, the Complaint alleges that he was found unconscious. (Ex. A, ¶ 205.) There is no indication in the Complaint that he ever regained consciousness before passing away. A plaintiff who is unconscious is not cognitive of the experience of pain or suffering and his estate may not recover for those types of injuries. *See McKenna v. Reale*, 137 A.D.3d 1533, 1535, 29 N.Y.S.3d 596, 598 (3d Dept. 2016); *Haque v. Daddazio*, 84 A.D.3d 940, 941-942, 922 N.Y.S.2d 548, 549-550 (2d Dept. 2011).

Based on this, the Court should dismiss the Ninth Cause of Action to the extent it seeks a survivorship remedy for pain and suffering.

**POINT III**      **THE ELEVENTH CAUSE OF ACTION SHOULD BE DISMISSED**

### A. The Claim is Barred by the Statute of Limitations

In the Eleventh Cause of Action, plaintiff asserts a claim for vicarious liability for the alleged medical negligence of co-defendants Nassau University Medical Center and Nassau Health Care Corporation. The Eleventh Cause of Action should be dismissed because the claim is barred by the statute of limitations.

Under CPLR 215(a), an action against a Sheriff incurred by performing an act in his official capacity or by her omission of an official duty must be commenced within one year of the incident giving rise to the suit. *See McKenzie v. County of Erie*, 2013 WL 53448084, * 1 (W.D.N.Y. 2013) (citing *Taylor v. Mayone,* 626 F.2d 247, 251, n. 5 (2d Cir. 1980); *Houghton v. Cardone,* 295 F.Supp.2d 268 (W.D.N.Y. 2003); *Kingston v. Erie County,* 122 A.D.2d 543, 543, 505 N.Y.S.2d 9 (4th Dept. 1986)). This is even shorter than the 1 year and 90 day statute of limitations afforded for tort claims against a County under County Law § 52 and New York General Municipal Law §50-i. *Id.* (citing *Duryea v. County of Livingston,* 2007 WL 1232228, at *3 (W.D.N.Y. 2007); *Flier v. Cayuga County*, 2006 WL 2655698, at *4 (N.D.N.Y. 2006)).

Here, Kevin Rollins died on December 28, 2018. The statute of limitations to bring a state law claim against Sheriff Fludd expired on December 28, 2019. Plaintiff commenced this action on February 12, 2022, long after the statute of limitations expired.

Similarly, the statute of limitations to bring a claim against the County expired on March 27, 2020. Even adding the pandemic-tolling afforded under State law from March 20, 2020 to November 3, 2020, would only add another 7 days. The deadline to file would then have been November 10, 2020. Again, the statute of limitations long passed.

## B.  Neither Sheriff Fludd nor The County Employed NUMC and NHCC Personnel

Vicarious liability for medical malpractice turns upon whether the defendant either employed the medical professional or had agency or control over his actions. *See Kavanaugh v. Nussbaum*, 71 N.Y.2d 535 (1988). Where no claim is made that a person retained or employed a physician or medical professional to act as his agent, vicarious liability cannot be found. *Id.*

Plaintiff does not allege that Sheriff Fludd employed the allegedly negligent medical personnel at Nassau University Medical Center or Nassau Health Care Corporation or that she controlled how they diagnosed or treated Kevin Rollins. Nor could plaintiff credibly make such allegations towards the Sheriff of a correctional facility. Plaintiff alleges only that the County contracted with Nassau University Medical Center and Nassau Health Care Corporation (Complaint, ¶ 3), and that it was these two health care entities that "failed to adequately supervise" their own staff (Complaint, ¶ 39). There cannot be vicarious liability for someone else's employees. *See Loucks v. Community Home Services*, 209 A.D.2d 484, 618 N.Y.S.2d 826 (2d Dept. 1994) (as a matter of law, *respondeat superior* liability cannot exist without an employer-employee relationship).

Based on this, the Court should dismiss the Eleventh Cause of Action against the moving defendants.

**CONCLUSION**

For the foregoing reasons, defendants County of Nassau and Vera Fludd respectfully submit that this Court should grant their motion under Fed. Rule Civ. Pro. 12(b)(1) and (6) and dismiss plaintiff's individual claims, plaintiff's Ninth Cause of Action seeking to assert a survivorship claim, and plaintiff's Eleventh Cause of Action seeking to allege respondeat superior liability, along with awarding such other relief as this Court may deem just, equitable, and proper.

Dated: Carle Place, New York
      August 18, 2022

SOKOLOFF STERN LLP
*Attorneys for Defendants*
*County of Nassau and Vera Fludd*

By: _____

Adam I. Kleinberg
Gina M. Fortunato
179 Westbury Avenue
Carle Place, New York 11514
(516) 334-4500
File No. 210020