FILED
CLERK
12:07 pm, Sep 27, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

SUSAN ROLLINS, Individually, in Her Own
Right and as Administrator of the Estate of KEVIN
J. ROLLINS,

                      Plaintiff,

      - against -

COUNTY OF NASSAU, *et al.*,

                      Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**

22-CV-0808 (GRB)(ARL)

**GARY R. BROWN, United States District Judge**:

Plaintiff Susan Rollins ("plaintiff"), individually and as the administrator of the estate of her deceased son, Kevin J. Rollins ("Rollins"), commenced this action pursuant to 42 U.S.C. § 1983 and New York State law against defendants County of Nassau (the "County"), Nassau County Correctional Center (the "Correctional Center"), Nassau County Sheriff's Department (the "Sheriff's Department"), former Sheriff of the County of Nassau Vera Fludd ("Sheriff Fludd"), Nassau University Medical Center (the "Medical Center"), Nassau Health Care Corporation (the "Health Corp"), and other defendants associated with the County, after Rollins died of a fentanyl overdose while at the Correctional Center. Compl., Docket Entry ("DE") 1. The crux of plaintiff's allegations is that Rollins was denied competent and timely medical care at the hands of the defendants which led to his death. *Id*. The County and Sheriff Fludd (collectively "defendants") move to dismiss plaintiff's complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). DE 22. For the reasons stated herein, defendants' motion is hereby GRANTED.

*Factual Background*

The following facts, drawn from the complaint, are assumed to be true for purposes of this motion and are viewed in the light most favorable to the plaintiff as the non-moving party.

1

On March 22, 2018, Rollins was arrested for operating a motor vehicle while impaired by drugs in Suffolk County.  DE 1, ¶ 62.  Since this arrest occurred while Rollins was out on bail pending a separate drug-related charge in Nassau County, his bail was revoked and he was remanded to the custody of the Sheriff at the Correctional Center where he was housed as a pre-trial detainee on April 3, 2018.  *Id.* ¶¶ 1, 56, 62, 177.  At all relevant times, the Medical Center and Health Corp were under contract with the County to provide medical services to the inmates of the Correctional Center.  *Id.* ¶¶ 2, 20, 21.

Based on Rollins' history of drug-related arrests and treatment for drug addiction, Rollins was assigned to the Correctional Center's Drug Alcohol Rehabilitation Treatment ("DART") program on April 12, 2018.  *Id.* ¶¶ 58-62.  The DART program enabled Rollins to receive daily group therapy, individual therapy, and attended Narcotics Anonymous meetings.  *Id.* ¶¶ 60, 181.  After three months in DART, Rollins was removed from the program and placed into general population of the Correctional Center.  *Id.* ¶ 182.  According to plaintiff, Rollins' transition to general population exposed him to greater and "all too easy access" to contraband drugs and deprived him of much needed therapy and support.  *Id.* ¶ 186.

On December 27, 2018, at around 8:40 a.m., an inmate reported to a corrections officer that Rollins "did not look well."  *Id.* ¶ 201.  The corrections officer notified his superiors and then proceeded to Rollins' cell where Rollins was found on the floor.  *Id.* ¶¶ 201–02.  The corrections officer alerted via radio that there was a medical emergency and a supervisor and sergeant responded to Rollins' cell.  *Id.* ¶ 204.  Upon arrival, the sergeant noted that Rollins "did not appear to be breathing or to have a pulse."  *Id.* ¶ 205.  Another corrections officer began chest compressions and bag-assisted respiration.  *Id.* ¶ 206.  Narcan[1] was not administered by the

---

[1] Narcan, a brand name version of a drug called naloxone, is a medicine that "rapidly reverses an opioid overdose." *National Institute on Drug Abuse*, Naloxone DrugFacts, https://nida.nih.gov/publications/drugfacts/naloxone.

corrections officers but was later administered by a Correctional Center staff physician.  *Id.* ¶¶ 207–09.  Rollins was pronounced dead on December 28, 2018.  *Id.* ¶ 56.  According to an autopsy performed by the Nassau County Medical Examiner, the cause of Rollins' death was "[a]noxic-ischemic encephalopathy due to acute fentanyl intoxication."  *Id.* ¶ 216.

*Procedural Background*

Plaintiff commenced this action on February 12, 2022, asserting twelve federal and state law claims.  DE 1.  On July 11, 2022, the Court held a pre-motion conference regarding the defendants' anticipated motion to dismiss.  *See* Electronic Order, dated July 11, 2022; *see also* DE 33 ("Hr. Tr.").  At the conference, several claims were dismissed by stipulation of the parties and others were dismissed by ruling of the Court.  Specifically, the parties stipulated to dismissal of all claims against the Sheriff's Department, Correctional Center, and Sheriff Fludd in her official capacity, as well as dismissal of the negligent and intentional infliction of emotional distress claims.  *Id.* at 5:3-7:13.  Additionally, the Court dismissed the wrongful death claim against the County and all federal claims against Sheriff Fludd in her individual capacity.  *Id.* at 7:18-21:2.

Therefore, the following three issues remain to be addressed: (1) whether plaintiff has standing to assert her own individual § 1983 claims against defendants (first, second, third, sixth, and eighth claims)[2]; (2) whether plaintiff has alleged sufficient facts to maintain a claim for survivorship (ninth claim); and (3) whether plaintiff has sufficiently alleged liability based on a theory of respondeat superior (eleventh claim).  *Id.* at 15:21-16:11; 24:17-25:9; 35:8-16.

---

[2] The law in the Second Circuit is well established that a family member cannot maintain a derivative claim under § 1983.  *See, e.g.*, *Laface v. E. Suffolk Boces*, 349 F. Supp. 3d 126, 161–62 (E.D.N.Y. 2018) (collecting cases).  Indeed, plaintiff concedes that "[a]fter intensive research, plaintiff has found no realistically persuasive authority to the contrary."  DE 26 at 4.  As such, these claims need not be discussed further and are dismissed.

**Discussion**

*Standard of Review*

Motions to dismiss are decided under the well-established standard of review for such matters, as discussed in *Burris v. Nassau County District Attorney*, No. 14-5540 (JFB)(GRB), 2017 WL 9485714, at *3-4 (E.D.N.Y. 2017), *adopted by* 2017 WL 1187709 (E.D.N.Y. 2017), incorporated by reference herein. The gravamen of that standard, of course, is whether, assuming the allegations in the complaint to be true, the complaint sets forth sufficient factual allegations to render the claims plausible. *See id.*

*Survival Claim for Conscious Pain and Suffering*

Defendants assert that plaintiff's survival claim for conscious pain and suffering should be dismissed because plaintiff does not allege that Rollins was at any point conscious, and therefore, he could not experience any pain or suffering before his death. DE 24 at 6.

"A plaintiff asserting a survival claim for conscious pain and suffering must show an underlying cause of action that the decedent would have been able to pursue had he survived the alleged wrongdoing." *Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 398 (S.D.N.Y. 2013) (citing N.Y. EST. POWERS & TRUSTS LAW § 11-3.2(b)). To state a claim for conscious pain and suffering, a plaintiff must allege that the injured party "was conscious for some period of time following the accident." *Phillips v. City of Middletown*, No. 17-CV-5307 (CS), 2018 WL 4572971, at *11 (S.D.N.Y. Sept. 24, 2018) (quoting *Cruz v. City of New Rochelle*, No. 13-CV-7432 (LMS), 2017 WL 1402122, at *29 (S.D.N.Y. Apr. 3, 2017)).

Here, plaintiff has failed to sufficiently allege that Rollins was conscious at any point following the accident, and thus, cannot establish a plausible claim for pain and suffering. *Compare id.* (dismissing claim for conscious pain and suffering where plaintiff did "not allege that

[decedent] was conscious at any point after the shooting"), *with Johnson v. New York State Police*, No. 6:22-CV-343, 2023 WL 2320565, at *18 (N.D.N.Y. Mar. 2, 2023) (denying motion to dismiss as to conscious pain and suffering claim where plaintiff alleged decedent "was conscious for approximately thirty-five minutes after being shot"). Accordingly, plaintiff's survivorship claim for pain and suffering is hereby dismissed.

*Vicarious Liability*

Defendants move to dismiss plaintiff's vicarious liability claim pursuant to the statute of limitations. DE 24 at 7. Under Municipal Law § 50-i, plaintiff's claim against the County is subject to a statute of limitations of one-year and ninety-days.[3] Plaintiff, however, did not commence the instant action until three years after Rollins died, and thus, this claim is time-barred.

Plaintiff's attempts to recast this claim as one under § 1983 or to apply the limitations period for malpractice actions under the CPLR prove both unavailing and inopposite. First, this claim can only be cognizable as a state law claim because "the doctrine of respondeat superior cannot be used to establish liability under Section 1983." *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999); *Naumovski v. Norris*, 934 F.3d 200, 212 (2d Cir. 2019) ("§ 1983 does not permit such vicarious liability")). A declaration submitted by plaintiff's counsel identifies the eleventh claim to be "made pursuant to the laws of New York State," DE 25 ¶ 5, and counsel acknowledged this fact during the pre-motion conference. Hr. Tr. at 12:16-25; 16:6-8.

Second, and for the same reasons, plaintiff's claim is not subject to the two-year and six-month statute of limitations applicable to medical malpractice claims in New York. *See* N.Y. C.P.L.R. 214-a. As explained above, when a state law claim is asserted against a sheriff or county, the deadlines set forth in CPLR § 215(1) and Municipal Law §50-i apply. *See, e.g.*, *Dilworth v.*

---

[3] A proposition the plaintiff has conceded. *See* Hr. Tr. at 11:18-20 ("Well, with regard to the one year 90 days as it applies to the county, I can't make argument against that.").

*Goldberg*, No. 10 CIV. 2224 (JMF) (GWG), 2013 WL 5745989, at *3 (S.D.N.Y. Oct. 23, 2013). As such, plaintiff's claim for vicarious liability against the defendants is time-barred and must be dismissed.[4]

*Leave to Amend*

While plaintiff has not expressly sought leave to amend her complaint, the Court may grant leave to amend nonetheless. *See, e.g., Jiao v. Chulaizhadao Inc.*, No. 21-CV-05002 (HG) (VMS), 2022 WL 4096182, at *4 (E.D.N.Y. Sept. 7, 2022). Indeed, a "court should freely give leave when justice so requires, and it is the usual practice upon granting a motion to dismiss to allow leave to replead." *Cruz v. TD Bank, N.A.*, 742 F.3d 520, 523 (2d Cir. 2013) (purgandum[5]). "However, a court need not grant leave to amend if amendment would be futile." *In re Curaleaf Holdings, Inc. Sec. Litig.*, 519 F. Supp. 3d 99, 111 (E.D.N.Y. 2021) (citing *In re Am. Exp. Co. Shareholder Litig.*, 39 F.3d 395, 402 (2d Cir. 1994)). "Proposed amendments are futile if they 'would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" *Id.* (quoting *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015)).

Here, plaintiff's derivative claims (first, second, third, sixth, and eighth claims) fail as a matter of law and her eleventh claim is dismissed on statute of limitations grounds. Permitting amendment on these claims would be futile because there are no facts that could be alleged which could cure the deficiencies of these claims. Therefore, these claims are dismissed with prejudice.

However, there may be additional facts regarding plaintiff's level of consciousness prior

---

[4] In any event, the claim for vicarious liability against Sheriff Fludd must be dismissed as no plausible allegations demonstrating her personal involvement have been set forth. *See Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001) (holding "[i]t is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983") (internal quotation marks and citations omitted).
[5] *See Farmers Property and Casualty Insur. Co. v. Fallon, et al.*, No. 21-CV-6022 (GRB)(ARL), 2023 WL 4975977, at *3 n.6 (E.D.N.Y. Aug. 3, 2023) (discussing use of "purgandum" to indicate the removal of superfluous marks for the ease of reading).

to his death which could cure the deficiencies of plaintiff's ninth claim for survivorship. In that instance, amendment may not be futile. Therefore, plaintiff's ninth claim is dismissed without prejudice and with leave to replead.

*Conclusion*

For the reasons stated herein, defendants' motion to dismiss is GRANTED. Plaintiff's ninth claim is dismissed without prejudice with leave to replead. Plaintiff is directed to serve an amended complaint within twenty days from the date of this Order.

**SO ORDERED.**

Dated: September 27, 2023
Central Islip, New York

/s/ Gary R. Brown
HON. GARY R. BROWN
UNITED STATES DISTRICT JUDGE